## IN THE OREGON TAX COURT

ALIEN ENTERPRISES, INC.,
dba Time Out Amusements; Amusement Unlimited, Inc.;
Amusement Unlimited of Southern Oregon, Inc.;
Asterick's Inc.; Beaver Amusement, Inc.;
Coin Enterprises, Inc.; Great Western, Inc.;
Gary L. Kilgore, dba Northwest Entertainment;
Oregon Games and Vending, Inc.; Salem Amusement, Inc.;
and Harvey J. Beeney, dba Tinker Enterprises

*v.*

DEPARTMENT OF REVENUE

(TC 3155)

Steven R. Rinkle, Davis Wright Tremaine, Portland, represented plaintiffs.

Ted E. Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 17, 1992.

### CARL N. BYERS, Judge.

This matter is before the court on cross-motions for summary judgment. There is no dispute of fact. The single issue of law to be decided is whether the tax imposed by ORS chapter 320 (commonly known as the Amusement Device Tax) is subject to the limitations of Article XI, section 11b, of the Oregon Constitution.

The Amusement Device Tax was first enacted in Oregon in 1943. Or Laws 1943, ch 220. That law imposed a tax on each device. The tax was immediately challenged as a property tax in violation of the Constitution. In *Fox v. Galloway*, 174 Or 339, 148 P2d 922 (1944), the Oregon Supreme Court held that the tax was not a property tax but a tax imposed on the privilege of displaying the device. *Id.* at 350. Plaintiffs concede that if this case concerned only the traditional concept of property taxes, their appeal should be dismissed. However, Article XI, section 11b (section 11b), contains its own definition of a tax on property.

Section 11b originated as an initiative measure adopted at the November, 1990, general election. In imposing limits on property taxes, it utilizes a broad definition of "tax":

"A 'tax' is any charge imposed by a governmental unit upon property or upon a property owner as a direct consequence of ownership of that property except incurred charges and assessments for local improvements." Or Const, Art XI, § 11b, cl (2)(b).

Plaintiffs assert that a property tax in the traditional sense is a tax based on value or "ad valorem." A tax on property as used in section 11b may be measured on some other basis.

"The taxes in each category shall be limited as set forth in the table which follows and these limits shall apply *whether the taxes imposed on property are calculated on the basis of the*

*value of that property or on some other basis." Id.* at cl (1). (Emphasis added.)

Plaintiffs claim that the tax imposed by ORS chapter 320 falls within the section 11b definition of a tax and, therefore, violates the constitutional limitation.

The 1991 legislature was aware of the recently adopted constitutional limit on taxes on property and of its potential impact on chapter 320. It responded by amending ORS chapter 320 to avoid the limits of section 11b. *See* Or Laws 1991, ch 459, §§ 267-272f. As a result of these amendments, the tax is no longer imposed on "every music and amusement device displayed." ORS 320.010(1) (1989 Replacement Part; repealed by Or Laws 1991, ch 459, § 268). The new provision, ORS 320.011(1), reads:

> "An excise tax is imposed upon every person for the privilege of engaging in the business of display or operation of an amusement or music device within this state for gain, benefit or advantage. The excise shall be imposed on an annual basis and shall be measured as provided in subsections (2) to (5) of this section."

The tax is "measured" by specific amounts per device, *i.e.,* $37.50 for rides, $100 for games of chance, $75 for every other type of amusement device, and $37.50 for each music device. ORS 320.011(2)-(5).

Plaintiffs believe the legislative characterization as a privilege tax is wrong and is not controlling upon the court. Plaintiffs urge this court to examine the reality and practical operation of the tax, citing *Redfield v. Fisher,* 135 Or 180, 206, 292 P 813, 295 P 461 (1931) ("The practical operation of the statute and its actual effect are very important circumstances.").

■    Before discussing the merits of plaintiffs' position, it may be helpful to review some basic principles of statutory construction. The case of *Fox v. Galloway,* 174 Or 339, 148 P2d 922 (1944), is instructive in this regard. There the court noted that the cardinal rule is to ascertain legislative meaning and to give it effect unless it is unconstitutional. *Id* at 346. If a legislative act is susceptible to construction and one interpretation "avoids the challenge of unconstitutionality," it is the court's duty to adopt that interpretation. *Id* at 348.

In construing amendatory acts, courts will presume "that material changes in language create material changes in meaning." *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 597, 581 P2d 50 (1978). Also, the rule set forth in *Camas Stage Co., Inc. v. Kozer*, 104 Or 600, 607, 209 P 95 (1922), is relevant. There the court stated:

> "While not absolutely controlling, the legislative designation is an important factor in determining the character of the tax imposed." (Citations omitted.)

ORS chapter 320, as amended, requires interpretation. As plaintiffs point out, the definition of "person" in ORS 320.005(6)(a) is extremely broad. This definition raises questions as to who is liable for the tax. In the interest of brevity, the court will not discuss the many points of ambiguity, but will interpret the statute to the extent required by this case.

The tax is imposed on a person who engages in "the business of display or operation * * * for gain, benefit or advantage." ORS 320.011(1). Plaintiffs argue this implies ownership. However, that construction is neither required nor reasonable. It is more reasonable that the legislature intended the tax to be imposed on the person who controls the placement and use of the devices. That is the person who engages in the business, regardless of whether they own, lease, rent or merely borrowed the amusement device. For example, an individual might lease a number of devices from an out-of-state manufacturer and use them in the business on which the tax is imposed. It is logical that the lessee should be liable for the tax.

Plaintiffs also claim that the tax is on property because the tax is measured by an amount per device. The method of measuring a tax is not conclusive of its character. What gives rise to the tax is not the existence of an amusement device nor its ownership. Liability for the tax arises when someone with the right to control or possess the device displays it for gain. It is the act of display which gives rise to the tax.

Plaintiffs appear to assume that the person possessing the premises where the device is displayed is the person displaying the device. To the contrary, the act applies to the person controlling possession, placement and operation of the

device. The possessor of the premises is jointly and severally liable for the tax and any penalties only if the device is displayed without a receipt showing that the tax has been paid. ORS 320.070(1).

■      The court finds that the legislature successfully amended ORS chapter 320 to avoid the limitations of section 11b. The tax is a privilege tax imposed upon a person engaging in a business, not a charge on property. The tax is not imposed unless the device is displayed or operated as defined by ORS 320.005(3).[1] Devices kept in storage or limited to private display are not included in the measure of the tax. Anyone who engages in the business is liable for the tax whether they own, lease, borrow or have stolen the devices. The owner of a device can avoid the tax by leasing the machine to others or limiting the use of the machine to uses which do not fall within the definition of the statute. Contrary to plaintiffs' position, the tax is not imposed "as a direct consequence of the ownership" of property.

■      The court also notes that ORS 320.050(3) provides that devices not included in the measure of the tax can be substituted for those which have been included in the measure. Since the tax is imposed on an annual basis, if a device becomes inoperable during the year, another device can be substituted and no additional tax is incurred. This provision is inconsistent with the notion of a charge on property based on its existence.

Plaintiffs cite and rely on *Redfield v. Fisher*, 135 Or 180, 192, 292 P 813, 295 P 461 (1931), where the court held "a tax * * * upon the income of property * * * may well be regarded as a tax upon the property which produced the income."[2] However, the tax imposed by ORS chapter 320 is not a tax on income from the property. Any person engaging in the business described by that chapter becomes liable for the tax regardless of whether any income is received.

---

[1] The amendments fail to specify the status of subparagraphs (a) and (b) of ORS 320.005(3). Those subparagraphs appear intended to be exclusions to the definition contained in ORS 320.005(3).

[2] The court found that under the specific facts in *Redfield*, the tax at issue was a tax on property.

Plaintiffs point to the language of ORS 320.140 as evidence of the true character of the law. That section provides:

> "Nothing in this chapter shall be construed as licensing, authorizing or legalizing the ownership, possession, display or operation, in violation of any law of this state, of any of the *property taxed* under this chapter." (Emphasis added.)

Plaintiffs assert this legislative slip of the tongue reveals the true character of the tax. However, plaintiffs' position is contradicted by their own arguments. They strongly urge that legislative characterization is not binding on the court. They further argue that the court must look at the realities of the tax and not labels.

ORS 320.140 was not amended by the 1991 legislature. It seems clear this was an oversight. This reference does not overcome the substantive nature of the tax relative to section 11b.

In summary, the court finds that the tax imposed by ORS chapter 320 is a privilege tax and not a tax on property as defined by Article XI, section 11b, of the Constitution. Accordingly, plaintiffs' complaint has no merit. Now, therefore,

IT IS ORDERED that defendant's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiffs' Motion for Summary Judgment is denied.

Costs to defendant.