116                January 7, 2013                No. 16

IN THE OREGON TAX COURT
REGULAR DIVISION

PACIFICORP,
an Oregon corporation,
and Cascade Natural Gas Corporation,
a Washington corporation,
*Plaintiffs,*

*v.*

OREGON DEPARTMENT OF ENERGY,
an agency of the State of Oregon,
and Bob Repine, as Director
of Oregon Department of Energy,
*Defendants.*

(TC 5106)

Plaintiffs filed for declaratory judgment, asserting that a fee imposed under ORS 469.421(8) was a tax and sought a declaration that any such imposition was in violation of certain provisions of the Oregon Constitution. Defendants moved to dismiss on the ground that the tax court did not have jurisdiction in the matter. Granting Defendants' motion, the court ruled that the actions of the legislature with respect to the statutes in question meant that it did not have jurisdiction to hear the matter because the statutory scheme in question authorized the Director of the Department of Energy to take actions to collect amounts of money determined under statutory formulas, the liability for such amounts was created by an order of the Director, and that because the legislature contemplated that such an order might be the subject of objection and litigation, it had stated that judicial review of such orders would be by way of a proceeding in the circuit court.

Oral argument on cross-motions for summary judgment was held November 14, 2012, in the courtroom of the Oregon Tax Court, Salem.

Jeffrey G. Condit, Miller Nash LLP, Portland, filed the cross-motion and argued the cause for Plaintiffs (taxpayers).

Marilyn J. Harbur, Senior Assistant Attorney General, Department of Justice, Salem, filed the motion and argued the cause for Defendants.

Decision for Defendants rendered January 7, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court on cross-motions for summary judgment.

Plaintiffs filed this declaratory action in this court, asserting that a fee imposed under ORS 469.421(8) is a tax and seeking a declaration that any such imposition was in violation of certain provisions of the Oregon Constitution.

Defendants assert that this court lacks jurisdiction to decide this matter.

## II.   ANALYSIS

The jurisdiction of this court is a matter of legislative intent. Although the court can be said to have jurisdiction over matters "arising under the tax laws of this state," ORS 305.410,[1] some state taxes are stated as not being within the jurisdiction of the court. *See* ORS 305. 410(1)(a) to (o). Further, some tax disputes not in any way arising under state law are within the jurisdiction of the court. *See* ORS 305.620. In each case, actions of the legislature have altered what might otherwise have been a conclusion derived from the basic statement of jurisdiction found in ORS 305.410

After review of the actions of the legislature with respect to the imposition of liability under the statutes in question here, the court is of the opinion that it does not have jurisdiction to hear this matter. The statutory scheme in question here authorizes the Director of the Department of Energy (the Director) to take actions to collect from certain persons amounts of money determined under statutory formulas. The liability for such amounts is created by an order of the Director.

The legislature contemplated that such an order, along with other orders of the Director, might be the subject of objection and litigation. It then stated that judicial review of such orders would be by way of a proceeding in the circuit court. *See* ORS 469.421(8)(i). The legislature knew of the existence of the tax court and could have vested it with jurisdiction in the matter. That did not occur. This court

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

concludes that the legislature either concluded that the exaction under ORS 469.421(8) was not a tax, *cf. Multnomah County v. Talbot*, 56 Or App 235, 641 P2d 617 (1982), or, if the legislature considered the exaction to be a tax, it nonetheless placed jurisdiction for disputes regarding the exaction in the circuit court. As this court has stated, "where a statute specifically locates jurisdiction in a particular court, all issues arising under that statute will be decided by that court." *TVKO v. Howland*, 15 OTR 335, 339 (2001*), aff'd* 335 Or 527, 73 P3d 905 (2003).

Plaintiffs point out that at the time they filed their action in this court, the Director had issued no order that could be the subject of the remedies provided in ORS 183.484 or ORS 183.486. That fact is not, however, determinative. Even in advance of an order, a circuit court would have jurisdiction to hear an action for a declaratory judgment. If, as this court concludes, the circuit court is the court with jurisdiction once an order issues, placing jurisdiction on pre-order declaratory relief actions would have the effect of providing for different courts at different stages of the relationship between a regulated entity and its regulator. That splitting of jurisdiction is to be avoided. *TVKO*, 15 OTR at 342; *Jarvill v. City of Eugene*, 289 Or 157, 167, 613 P2d 1 (1980).

Plaintiffs argue that this court should exercise jurisdiction because the circuit court is not able to afford them complete relief against the statutory scheme and the actions of the Director under that scheme. In particular, Plaintiffs have argued that the circuit court may not be able to address constitutional challenges or afford a remedy under ORS 305.765. Those arguments are not well taken. ORS 183.484 and ORS 183.486 together vest in the circuit court the jurisdiction and authority to address all matters and fashion or provide all relief to which a victorious party is entitled. Further, nothing in ORS 305.765 suggests that only the Tax Court may afford the remedy provided in that statute.

Even if the statutory scheme of ORS 469.421(8) and ORS 183.484 or ORS 183.486 did not provide some particular remedy, that deficiency would be objectionable

only if the Oregon Constitution, a valid federal statute, or the Constitution of the United States required provision of such a remedy. Plaintiffs have raised no argument that the procedural and remedial provisions of ORS 469.421(8), ORS 183.484 and ORS 184.486 violate any of the relevant constitutional or statutory limits on actions of the Oregon Legislature.

Finally, Plaintiffs argue that the failure of this court to hear this matter will produce a result potentially wasteful of judicial resources. This could occur, Plaintiffs argue, if they proceed in the circuit court only to later find out that this court had exclusive jurisdiction. The legislature has addressed such problems of unclear jurisdiction in ORS 14.165. Under that statute circuit courts may initiate a review of the appropriate jurisdiction for a case. This court cannot initiate such review under ORS 14.165. It is to ORS 14.165 that Plaintiffs must look to avoid waste of resources, and not to an opinion of this court.

### III.   CONCLUSION

The motion of Defendants is granted and the motion of Plaintiffs is denied. Counsel for Defendants is directed to prepare an appropriate form of judgment. Now, therefore,

IT IS ORDERED that Defendants' Motion for Summary Judgment is granted; and

IT IS FURTHER ORDERED that Plaintiffs' Cross-Motion for Summary Judgment is denied.