IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| 4310 BUILDING LLC, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220154N |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **ORDER OF DISMISSAL** |

This matter came before the court on Defendant's Motion to Dismiss (Motion), filed May 4, 2022. Plaintiff filed its Response on May 31, 2022, and Defendant filed its Reply on July 19, 2022.

## I. STATEMENT OF FACTS, PARTIES' POSITIONS

Plaintiff filed its Complaint on April 6, 2022, challenging the value of property identified as Account R327918 (subject property) for the 2021-22 tax year. (Compl at 1.) Plaintiff did not allege a real market value, but rather requested a "[r]eduction in tax for the damages sustained due to the lack of police and fire enforcement." (*Id.*) The subject property's 2021-22 tax roll real market value was $34,461,390 and its maximum assessed value was $10,019,890. (*Id.* at 2.)

Defendant moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, failure to state a claim, and issue preclusion. (Def's Mot at 1.) First, Defendant argues that Plaintiff's claim is not one that falls within this court's jurisdiction under ORS 305.410 because it relates to "protests of the federal facilities that occup[ied] the subject property" during June and July 2018 that "impacted city services to the subject property * * *." (*Id.* at 1-2.) Second, Plaintiff has not alleged a value that would result in a tax reduction; thus, Plaintiff is not aggrieved. (*Id.* at 2.) Third, Plaintiff's claim is barred by the doctrine of issue preclusion

because Plaintiff litigated the same issue in *4310 Building LLC v. Multnomah County Assessor*, TC-MD 190134G, WL 4783490 (Sept 30, 2019). (*Id.* at 3.) In that case, the court dismissed Plaintiff's appeal due to lack of aggrievement.

In response, Plaintiff alleges that it paid a property tax bill totaling $270,662.27 but did not receive city services from 2020 through 2022. (Ptf's Resp at 1.) Plaintiff contends that the tax bill "acts as an invoice for services that we receive for our monies, on that specific property," noting that "Police and Fire charges are set at $27,505.60." (*Id.*[1]) Because Plaintiff "did not receive the benefit of Police and Fire protection service" it requests that the court find the charges invalid. (*Id.* at 2.) In support of its factual allegations, Plaintiff provided a tweet from Portland mayor Ted Wheeler on June 28, 2018, stating that no Portland police officers would assist federal police in removing nonviolent protestors on federal property. (*Id.* at 3.) Plaintiff alleges that the subject property "sustained substantial damage * * * by riots and demonstrations which caused broken windows, structural damage, and fire damage" but conceded that damage was insufficient to reduce the subject property's assessed value. (*Id.* at 1.)

## II. ANALYSIS

The issue is whether Defendant's Motion to Dismiss should be granted.

A. *Subject Matter Jurisdiction, Failure to State a Claim*

This court has jurisdiction over "all questions of law and fact arising under the tax laws of this state." ORS 305.410(1). The Oregon Supreme Court has described "two boundaries" to this court's jurisdiction: first, "questions which must be resolved in order to decide taxability or the amount of tax do arise under the tax laws"; and, second, "a precondition to taxation does not

---

[1] The subject property's 2021-22 tax statement lists an allocation of $27,505.60 to "PORTLAND "FIRE/POLICE PENSION." (Ptf's Resp at 4.)

arise under the tax laws if jurisdiction to decide that precondition has been affirmatively located in another court or if a decision on the precondition has substantial non-tax consequences." *Sanok v. Grimes*, 294 Or 684, 697, 662 P2d 693 (1983). In short, "a claim is not one 'arising under the tax laws' unless it has some bearing on tax liability." *Id.* at 701. To determine whether a claim falls within its jurisdiction, the court considers the nature of the relief requested, as well as whether the legislature has "affirmatively located jurisdiction over that claim elsewhere." *Perkins v. Dept. of Rev.*, 22 OTR 370, 375 (2017); *see also Pacificorp v. Oregon Dept. of Energy*, 21 OTR 116 (2013) (concluding no jurisdiction to consider the constitutionality of a department of energy fee because the legislature vested jurisdiction in the circuit courts).

Here, it is difficult to apply the framework described in *Sanok* and *Perkins* because Plaintiff has not clearly articulated its claim. Plaintiff wants a reduction in property tax, but has not identified any statute, rule, or other legal authority supporting its request. A taxpayer might seek to reduce their property tax burden by challenging the value of property for assessment. Here, however, Plaintiff has declined to allege a 2021-22 real market value for the subject property. Plaintiff alleged that the subject property suffered damage but admitted that damage was insufficient to change the subject property's assessed value. Thus, Plaintiff may not be aggrieved under ORS 305.275(1)(a). It appears that Plaintiff's primary concern is with policies established by the Portland mayor. Such policies are unlikely to fall within this court's jurisdiction because they are not state tax laws.[2]

---

[2] Plaintiff alleges that property taxes collected on the subject property are, essentially, user fees that may be challenged based on the quality or quantity of services received. The distinction between a tax and a user fee arises in numerous contexts and can be "murky." *See Ooma, Inc. v. Dept. of Rev.*, TC 5331, WL 1035995 at *11 (Or Tax, Mar 2, 2020) (considering whether tax was sufficiently related to services Oregon provides in the context of nexus under the Commerce Clause of the United States Constitution), *aff'd* 369 Or 95 (Dec 23, 2021); *Boquist v. Dept. of Rev.*, TC 5332, WL 1314840 at *6 (Or Tax, Mar 21, 2019) (in the context of applying the origination and supermajority clauses of the Oregon Constitution, user fees are "for the use of a particular government service, in contrast to a true 'tax,' which confers only the unquantifiable 'benefit of good government' and affects all citizens alike"); s*ee also Alien Enterprises, Inc. v. Dept. of Rev.*, 12 OTR 126, 127 (1992) (in the context of Measure 5, "[a]

The court is unable to determine whether it has subject matter jurisdiction over Plaintiff's claim. However, Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

B.    *Issue Preclusion, Aggrievement*

Although the court has concluded that Plaintiff's Complaint should be dismissed for failure to state a claim, the court briefly addresses the other two bases for Defendant's Motion: issue preclusion and lack of aggrievement. The doctrine of issue preclusion prevents the relitigation of an issue decided in another proceeding. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). Five requirements must be met:

> (1) "The issue in the two proceedings is identical[;]
>
> (2) "The issue was actually litigated and essential to a final decision on the merits in the prior proceeding[;]
>
> (3) "The party sought to be precluded has had a full and fair opportunity to be heard on that issue[;]
>
> (4) "The party sought to be precluded was a party or was in privity with a party to the prior proceeding[; and]
>
> (5) "The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Id.* at 103-04 (internal citations omitted).

Here, the first and second elements are not met. In its prior appeal, Plaintiff challenged the 2018-19 value of the subject property, whereas this appeal concerns the 2021-22 value. *See 4310 Building LLC*, 2019 WL 4783490 at *1. "It has long been held in Oregon tax cases that

---

'tax' is any charge imposed by a governmental unit upon property or upon a property owner as a direct consequence of ownership of that property except incurred charges and assessments for local improvements."). In any event, it does not appear that Plaintiff disputes the character of the property taxes as such or explains how their characterization as fees for services entitles Plaintiff to a refund.

each tax year stands alone; thus, each tax year is its own cause of action." *Safley v. Jackson County Assessor*, TC-MD 091206C, WL 4923355 at *5 (Or Tax M Div, Dec 2, 2010).

The fact that Plaintiff's Complaint concerns a later tax year may not foreclose the application of issue preclusion if the issue in each tax year is identical and was essential to the final decision on the merits in the prior case. *See, e.g., Linstrom v. Lincoln County Assessor*, TC-MD 200147G, WL 871211 (Or Tax M Div, Mar 9, 2021) (taxpayer's claim that the maximum assessed value was calculated from the wrong starting point was precluded); *Murray v. Wasco County Assessor*, TC-MD 200132N, WL 237426 (Or Tax M Div, Jan 25, 2021) (taxpayer's claim that the property had no value because it was an illegal lot of record was precluded). However, the decision in the 2018-19 appeal concluded that Plaintiff was not aggrieved because its requested values would yield no tax savings. *4310 Building LLC*, 2019 WL 4783490 at *3. That conclusion was specific to the 2018-19 tax year because it compared Plaintiff's requested values with the tax roll values for that tax year. Plaintiff's 2021-22 tax year Complaint involves new values to be considered.

However, the court agrees with the analysis in the 2018-19 decision. As noted above, Plaintiff has declined to allege a 2021-22 real market value but has admitted that damage to the subject property is insufficient to reduce its assessed value. Thus, Plaintiff does not appear to be aggrieved for the 2021-22 tax year.

### III. CONCLUSION

Upon careful consideration, the court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. Now, therefore,

/ / /

/ / /

IT IS ORDERED that Defendant's Motion to Dismiss is granted.

Dated this ⎯⎯ day of August 2022.


⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
ALLISON R. BOOMER
PRESIDING MAGISTRATE


*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on August 23, 2022.*